442 So.2d 327 (1983)
Lena LI, Appellant,
v.
Chi Hsi LI, Appellee.
No. 83-13.
District Court of Appeal of Florida, Fourth District.
December 7, 1983.
Don Lacy, Fort Lauderdale, for appellant.
Theodore K. Egner, Fort Lauderdale, for appellee.
DELL, Judge.
Lena Li appeals from a final judgment dissolving her marriage to Chi Hsi Li.
In 1961, the parties married in Peking, China. They have one minor child. Appellant has resided in New York since the parties separated in 1973. On March 22, 1982, appellee initiated this action through his counsel by filing a petition for dissolution of marriage. Appellant responded by sending a letter to the Clerk of the Circuit Court for Broward County, noting a copy to attorney, in which she advised that she strongly opposed the dissolution of her *328 marriage and requested information concerning what action she should take. Although the record contains an affidavit of non-military service, the record does not show that appellee obtained a default judgment. The record contains no notice setting the cause for trial.
On November 22, 1982, the trial court conducted a final hearing and noted in its final judgment that appellant was neither present nor represented by counsel but that letters written by appellant indicated her awareness of the scheduled final hearing. The final judgment dissolved the marriage of the parties, determined child support and custody of the minor child, and conditionally provided alimony for appellant. Appellant contends she is entitled to a new trial, because she did not receive notice of the final hearing as required by Florida Rule of Civil Procedure 1.440(c). She also challenges the trial court's adjudication of child support and alimony.
Florida Rule of Civil Procedure 1.440(c) provides:
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than thirty days from the service of the notice specified in subdivision (b). By giving the same notice, the court may set an action for trial on its own motion. In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).
The record shows that neither party received notice of trial as required by Florida Rule of Civil Procedure 1.440. By agreement, the parties supplemented the record with the letters referred to in the final judgment. Appellant made no reference to the date of the final hearing and only stated that she could not attend the final hearing because of time and money. In the absence of a showing that appellant had actual notice of the scheduled trial date, we must conclude that the trial court abused its discretion in proceeding forward with the final hearing and entering the final judgment dissolving the parties' marriage. In view of this conclusion, we need not reach appellant's other points on appeal.
Accordingly, the final judgment dissolving the marriage of the parties is reversed, and this cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
HURLEY, J., and SIMONS, STUART M., Associate Judge, concur.