516 So.2d 1137 (1987)
Edward J. CLEMENT, Jr., Appellant,
v.
MARCUS, STOWELL & BEYE, INC., on Behalf of Its Affiliated Companies, All Florida Corporations, Appellee.
No. 4-86-2455.
District Court of Appeal of Florida, Fourth District.
December 23, 1987.
Amelia E. Pohl of Amelia E. Pohl, P.A., Boca Raton, and Debra Levy Neimark of Neimark & Neimark, Coral Springs, for appellant.
V.J. Voorheis of Andrews, Voorheis, Lehrer & Baggett, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal of a court order, denying appellant's motion to vacate judgment under Florida Rule of Civil Procedure 1.540. We reverse.
Marcus, Stowell & Beye, Inc., an investment banking firm and appellant's former employer, filed suit on May 6, 1983, against appellant, another person, and a competitor, Collins, Locke & Lasater. The complaint alleged that the two men had left the employer and joined the competing firm; and it sought a temporary restraining order from their contacting the former employer's customers. Plaintiff also asked for monetary relief.
Initially, former counsel represented all three defendants, but he could not continue his representation of appellant when appellant left Collins, Locke & Lasater, and counsel was permitted to withdraw. The case was originally noticed for trial in January 1985. The order allowing counsel to withdraw did not state that appellant must obtain new counsel or set a deadline therefor. A copy of that order was sent to appellant's Plantation address.
On April 1, 1985, the trial court set the case for trial during the two week period *1138 beginning April 21, 1986, and required counsel to be present for calendar call at 9 a.m. on that date. Copies of the order were sent to plaintiff/appellee's counsel, and to appellant's former counsel. Appellant did not receive a copy of the order. According to the testimony of the former counsel's secretary, her employer instructed her to call the trial judge's office and remind them he no longer represented appellant. She did not believe she or anyone at the firm notified appellant of the order.
In July 1985 appellee's counsel notified appellant that his client had settled with Gardocki and the competing firm. According to counsel's phone records, he called appellant at his then employer's office on April 10 and April 14, 1986, and told him trial was to be late in April. Appellant did not contact the court or contact counsel to find out the actual date of trial.
Appellant admitted he received appellee's unilateral pretrial stipulation. That document was filed April 15, 1986, and states that it has been served on appellant. Appellant moved from Plantation to Parkland in October 1985, but did not notify the court of his change of address. Appellant said he did not receive a copy of the final judgment, but he received a subpoena for deposition in aid of execution. Trial had been held April 29, 1986, but he was not present or represented. The jury awarded appellee  $7,284.82 plus 12% interest. Final judgment calls for $12,360.71 which includes prejudgment interest, costs and attorney's fees.
Appellant employed present counsel only after receiving the subpoena for deposition in aid of execution. The trial court heard his motion to vacate judgment and denied it. This appeal followed.
We reverse and remand, electing to discuss only the first issue; namely, whether the trial court abused its discretion by denying appellant's motion to vacate judgment, as it is clear from the record that appellant had no notice of the date of the jury trial that resulted in a judgment against him. We conclude that it did. See Li v. Li, 442 So.2d 327 (Fla. 4th DCA 1983).
We find merit to appellant's arguments as the record supports his contention that he was denied due process notice of the trial date; and therefore the court should have granted his motion to vacate the judgment which, he urges, is void. He bases his argument on the fact he failed to receive a copy of the order granting his counsel's leave to withdraw; and appellee's counsel, who did contact appellant two or three times in the approximately 15 months between that event and actual trial, did not tell him the trial date. He admits receiving the unilateral pretrial stipulation, but claims it was untimely received, and therefore provided insufficient notice.
We hold the reasons advanced by the trial court in denying the motion to vacate and here by appellee are inadequate. These reasons are (1) appellant's inaction to defend the suit after his counsel withdrew (there was nothing he as defendant was required to do, and he had no notice of the one order issued); (2) he failed to notify the court of his address change (this did not matter, since a copy of the order on the calendar call was never sent to his old address and appellee's counsel was able to contact appellant in April in spite of the address change); (3) he failed to obtain substitute counsel (he had not been instructed to obtain counsel, and "a civil claimant is not required, barring extraordinary circumstances, to be represented by counsel," Baker v. Grant, 497 So.2d 895 (Fla. 5th DCA 1986); and (4) appellant failed to appear or otherwise defend himself at trial in spite of counsel's contact two weeks before trial (appellant had no notice that a specific date had been set nor was he told the calendar call date). Finally, we add that as appellant points out, he obtained counsel promptly upon learning of the final judgment.
ANSTEAD and GUNTHER, JJ., concur.