570 So.2d 1093 (1990)
Richard L. TAYLOR, Appellant,
v.
Patricia BOWLES, Holiday Isle Management Corporation and Stephen J. Campbell, Appellees.
No. 89-2551.
District Court of Appeal of Florida, Fourth District.
December 5, 1990.
William L. Epstein and Ronald M. Gache of Broad and Cassel, West Palm Beach, for appellant.
Gregory F. Esposito, Jr., Fort Lauderdale, for appellee Patricia Bowles.
PER CURIAM.
On June 30, 1988, a final judgment in the amount of $26,082.12 was entered in favor of Patricia Bowles against Holiday Isle Management Corporation, Stephen J. Campbell, and Richard L. Taylor (Appellant). Appellant moved for relief from final judgment pursuant to Florida Rule of Civil Procedure 1.540(b) "for the reason that the Final Judgment was entered as a result of a mistake, inadvertence, surprise, or excusable neglect," in that he "neither had notice of the trial date in this cause nor was he represented by counsel at the time this case proceeded to trial." In an affidavit dated August 25, 1989, he reasserted that he "first became aware that a trial had been held in this case and a Final Judgment entered against [him] individually in October of 1988 when [he] received a batch of mail that was sent to his old office address."
The trial court entered an order denying appellant's motion for relief, from which he appeals. We reverse.
While we reject appellant's contention that the trial court lacked jurisdiction over him, we agree with his second point; namely, that the trial court abused its discretion in denying his motion for relief from final judgment because he never received notice of the pending trial.
"Of course the trial judge exercises discretion in ruling on 1.540(b) RCP motions, but his exercise of discretion must rest upon facts ascertainable from the record." Moss v. State Farm Mut. Auto. Ins. Co., 328 So.2d 495, 496 (Fla. 4th DCA 1976). Without regard to whether a party believed that he had an attorney handling his case, when the record shows that a party had no notice of the hearing on a motion for withdrawal of counsel or knowledge that he should be at trial at a certain time, a motion to vacate judgment should be granted. Id. Under such circumstances, the denial of the motion constitutes an abuse of discretion, compelling reversal. See Clement v. Marcus, Stowell & Beye, Inc., 516 So.2d 1137 (Fla. 4th DCA 1987).
*1094 Appellant was not a party to the stipulation which allowed counsel to withdraw. He never received any notice of this withdrawal as required by Florida Rule of Judicial Administration 2.060(i), nor did he know that the trial would proceed without regard to whether substitute counsel was obtained by the other defendants or himself. Appellant also never received notice that the trial date or the calendar call had been set. When a party has no notice of a trial date, the trial court abuses its discretion when it proceeds with a final hearing and enters final judgment. Li v. Li, 442 So.2d 327, 328 (Fla. 4th DCA 1983).
GLICKSTEIN and WARNER, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.