583 So.2d 410 (1991)
Barbara A. WATSON, Appellant,
v.
James D. WATSON, Appellee.
No. 91-0072.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
James D. Tittle of Beverly & Freeman, West Palm Beach, for appellant.
Carey L. Ewing of Carey L. Ewing, P.A., Coral Gables, for appellee.
*411 PER CURIAM.
Barbara Watson appeals from an order that denied her motion to set aside a final judgment of dissolution of marriage on the grounds that she did not receive notice of the final hearing. We reverse.
The trial court entered an order, pursuant to Fla.R.Civ.P. 1.440(c), setting the dates and times for a pretrial hearing and a non-jury trial in the parties' dissolution of marriage suit. Appellant, a pro se respondent, claims that she did not receive her copy of the order.[1] The face of the order shows that the trial court did not mail the notice to appellant's correct address. Appellant did not appear at either the pretrial or final hearing. The trial court mailed a copy of the final judgment to appellant's correct address and upon receipt, appellant promptly filed a motion to set aside the judgment on the grounds of lack of notice.
It is well settled that a judgment entered without notice to a party is void. See Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Falkner v. Amerifirst Federal Savings & Loan Ass'n., 489 So.2d 758 (Fla. 3d DCA 1986). As we stated in Taylor v. Bowles, 570 So.2d 1093, 1094 (Fla. 4th DCA 1990), "[w]hen a party has no notice of a trial date, the trial court abuses its discretion when it proceeds with a final hearing." See also Li v. Li, 442 So.2d 327 (Fla. 4th DCA 1983). Accordingly, we reverse the trial court's order denying appellant's motion to set aside the judgment and remand this cause for a new trial.
REVERSED AND REMANDED.
DELL, GUNTHER and POLEN, JJ., concur.
NOTES
[1] To rebut this, appellee relies exclusively upon an affidavit that is not properly before this court. See Fla.R.App.P. 9.200(a)(1) and 9.220.