622 So.2d 621 (1993)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
Darrell E. LYONS, et al., Appellees.
No. 93-166.
District Court of Appeal of Florida, Fifth District.
August 13, 1993.
George A. Vaka and H. Irene Higginbotham, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
James M. Tenaglia, Spring Hill, for appellee Darrell E. Lyons.
No appearance for appellee Mid-State Federal Sav. Bank.
COBB, Judge.
The issue on this appeal is whether the trial court erred in denying relief pursuant to Rule 1.540, Florida Rules of Civil Procedure, without conducting an evidentiary hearing.
The record indicates that there was a worker's compensation settlement whereby Liberty Mutual Insurance Company (Liberty) was obligated to pay a total of $15,000.00 with $11,250.00 to be paid directly to Darrell E. Lyons (Lyons) and $3,750.00 payable as attorney's fees. A check was subsequently sent to Lyons in the amount of $15,000.00 and deposited.
Liberty, without notifying Lyons, placed a stop payment on the instrument whereby Mid-State Federal Savings (Mid-State) began dishonoring checks for insufficient *622 funds with one result being that Lyons was charged with obtaining property with a worthless check. This charge was later dismissed when it was shown that Lyons had sufficient funds on deposit at the time the check was presented to Mid-State for payment.
In an action filed against Liberty and Mid-State, Lyons claimed that Liberty breached the settlement agreement by stopping payment on the check and failing to give notice. Additionally, Lyons claimed that Liberty breached its duty of reasonable care by failing to properly remit settlement proceeds.
At this point in time, the parties agreed to mediation pursuant to Rule 1.700, et seq., Fla.R.Civ.P. At the mediation hearing, Lyons made some opening statements, after which Liberty decided to leave. Subsequently, Lyons moved for sanctions against Liberty claiming that Liberty's failure to participate violated the rules governing mediation and was in bad faith. Lyons requested costs and asked the trial court to strike Liberty's affirmative defenses.
On October 13, 1992, the trial court signed an order granting a hearing on the request by Lyons for sanctions. A certificate of service, signed by a judicial secretary, showed that a copy of the order had been sent to Liberty and Lyons' attorneys on October 15, 1992. Liberty, however, claimed that its counsel never received this order noticing a hearing. Thus, an ex parte hearing was held on November 9, 1992, and as a result, the trial court imposed sanctions against Liberty as requested.
Liberty filed a motion for relief from the order imposing sanctions pursuant to Rule 1.540(b)(1), Florida Rules of Civil Procedure, claiming they did not receive notice of the November 9, 1992 hearing. On December 14, 1992, the trial court denied the 1.540 motion.
Generally, a prior judgment, decree or order must be set aside where there is excusable neglect in the form of a litigant's failure to receive notice of a pending hearing or trial. Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980); see also Taylor v. Bowles, 570 So.2d 1093 (Fla. 4th DCA 1990).
In the instant case, it would appear that an excuse that the document was probably lost in the mail is insufficient, standing alone, to rebut a presumption created by a certificate of service. On the other hand, the denial of receipt does create a question of fact which indicates an evidentiary hearing was necessary. See Goudie v. Garcia, 584 So.2d 100 (Fla. 3d DCA 1991); Scutieri v. Miller, 584 So.2d 15, 16 (Fla. 3d DCA 1991); World on Wheels of Miami, Inc. v. International Auto Motors, Inc., 569 So.2d 836, 837 n. 1 (Fla. 3d DCA 1990).
Accordingly, the order of the trial court which denied Liberty's 1.540 motion for relief from the order imposing sanctions is reversed and the cause remanded for an evidentiary hearing.
REVERSED AND REMANDED.
DAUKSCH and GOSHORN, JJ., concur.