WOLF, Judge.
The husband, Richard Martin, appeals from the final judgment of dissolution of *316 marriage. Appellant raises four issues on appeal, only one of which we find to have merit.
Appellant asserts that he did not receive notice of the final hearing and did not attend because the order setting the action for trial was sent by the court to an incorrect address. After the final hearing, the trial court entered an order dissolving the marriage of the parties, distributing property and determining the appropriate amount of support to be paid by the husband. No transcript of this hearing was made. The record does, however, contain a Statement of the Evidence. The copy of the Statement of the Evidence contained in the record is not signed by the trial court, it makes no findings regarding adequate notice to the husband, and it does not reflect that any evidence was presented to show that the husband was aware of the date of the final hearing.[1]
It is an abuse of discretion for a trial court to hold a final hearing and enter a final order of dissolution unless a party to the proceeding has notice of a trial date. Li v. Li 442 So.2d 327 (Fla. 4th DCA 1983). In Watson v. Watson, 583 So.2d 410 (Fla. 4th DCA 1991), the record reflected that the notice of the trial was sent to an incorrect address. In that case, the court stated that a judgment entered without notice was void.
Based upon the confusion in the state of the record before us, we reverse the final judgment and remand for the trial court to hold further proceedings as to whether the appellant received notice of the hearing. Based upon this determination, the trial court may reenter the appealed-from judgment or grant a new final hearing of dissolution. See Oberpriller v. Dellapa, 557 So.2d 130 (Fla. 3d DCA 1990).
ERVIN and JOANOS, JJ., concur.

. Although there is a Statement of Evidence attached to the appellee’s brief which indicates that the wife testified that the husband was aware that the final hearing was taking place, and that a notice of the hearing was sent to the husband's former attorney before the former at-tomey withdrew, there is no indication as to where this copy of Statement of the Evidence came from as it is not part of the record sent to this court. The copy appears to be a conformed copy signed by a representative of the trial judge.