PER CURIAM.
Leonard H. Days appeals an order denying his motion to vacate final judgment, on grounds that he never received notice of the final hearing. We reverse and remand for further proceedings after due notice.
On February 26, 1992, Mr. Days and his former wife appeared for the original final hearing in their dissolution proceeding, and a final judgment was entered that day. Mrs. Days appealed that judgment, however, and this court reversed and remanded. Days v. Days, 617 So.2d 417 (Fla. 1st DCA 1993). Apparently unaware an appeal had been taken, Mr. Days did not appear personally or through counsel in the appeal.
On remand, the trial court granted the former husband’s counsel’s motion to withdraw and stayed the proceedings for 20 days to allow the former husband an opportunity to obtain new counsel. The order granting the former husband’s counsel’s motion to withdraw states: “In the event that [the former husband] is unable to obtain new counsel within the twenty day period, all further pleadings shall be served on [the former husband], LEONARD H. DAYS, 2329 Monloe Street, # 103, Miami FL 33020.” (Emphasis supplied.) Neither the former husband nor substitute counsel made an appearance in the proceedings thereafter.
On December 15,1993, a second final judgment was entered. The original final judgment had denied the former wife’s request for alimony but the second final judgment granted the former wife permanent periodic alimony of $200 per month, attorney’s fees and costs in the amount of $6,848.30, and entitlement to an income deduction order effective upon a delinquency of one month’s support, enforceable by serving a notice of delinquency on the former husband. The second final judgment also increased the former wife’s interest in the former husband’s retirement pension from 13% to 48%.
On April 11, 1994, the same attorney who had originally represented Mr. Days filed, on his behalf, a verified motion to vacate final *1303 judgment and income deduction order, and a verified motion of meritorious defense. As grounds, the former husband claimed that he had received no notice of the original appeal and no notice of the subsequent hearing held on remand. “Generally, a prior judgment, decree or order must be set aside where there is excusable neglect in the form of a litigant’s failure to receive notice of a pending hearing or trial.” Liberty Mut. Ins. Co. v. Lyons, 622 So.2d 621, 622 (Fla. 6th DCA 1993) citing Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980).
A hearing was held on the former husband’s motion to vacate final judgment on July 19,1994. Mr. Days testified that he left for Korea shortly after the initial final judgment, that he “thought everything was basically completed,” and that he received no notice of any hearing on remand. He testified that his correct address was 2329 Monroe Street in Hollyiuood, Florida. Testimony established that although the street and city listed as the former husband’s address were incorrect, the zip code was correct. The former wife also testified that her attorney used the Monloe Street address in Miami.
The trial court concluded that there was no evidence that the former husband’s attorney used an improper address or that the former husband failed to receive notice.
This court finds that Mr. Days offered no evidence that his attorney failed to contact him, that he failed to receive mail at that address, and that he’s entitled to have the default set aside. The evidence shows that proper notice of the final hearing [on remand] was given to Mr. Crown while he was attorney of record. Any claim that the address that he used was improper was not presented by means of evidence and was only stated in a closing argument.
The trial court’s conclusion that there was “no evidence” completely overlooks the for-
mer husband’s uncontroverted testimony that he received no notice. While there was no direct testimony that the former husband’s attorney used an improper address (or any address), and the trial court properly refused to treat counsel’s representations as evidence, the trial court itself acknowledged during the hearing that the former husband’s attorney used the Miami address that the former husband testified was incorrect.
The trial judge characterized “2329 Monroe Street or Monloe Street, Apartment or Room 103, ... Miami, Florida, 33020,” as “the address that [the former husband’s attorney]’s been using all along.” The trial court’s questions assumed this:
BY THE COURT:
[[Image here]]
Q. Well, I’m telling you [Mr. Days] that right now he [Mr. Day’s attorney] sent you a notice of this particular hearing today, and he’s addressed it to you at 2329 Monroe Street, Apartment 103, Miami, Florida, 33020. Are you telling me that is wrong, that you do not live in Miami, you live in Hollywood, you live in Broward County?
A. Yes, ma’am, I live in Broward County.
In its order denying the former husband’s motion to vacate, moreover, the trial court specifically found that “[t]he husband’s attorney gave the husband’s address at all times as 2329 Monloe Street, Apt. # 103, Miami, FL. 33020[,]” and “[a]ll notices and orders were sent to that address.”
Despite its findings during the hearing, and the uncontroverted testimony, the trial court denied the former husband’s motion to vacate final judgment. The trial court apparently relied on a presumption that mail sent to the wrong address eventually arrives at the correct address.* This was error. Although there is a presumption created by a *1304 certificate of service, id,., no presumption arose here because all notices and orders were sent to the wrong address. It was improper for the trial court to presume that notice of the hearing on remand reached the former husband at his correct address, when notice was in fact mailed to another address; and the former husband testified, without contradiction, that he never received it.
“[W]hen the record shows that a party had no notice of the hearing on a motion for withdrawal of counsel or knowledge that he should be at trial at a certain time, a motion to vacate judgment should be granted.” Taylor v. Bowles, 570 So.2d 1093 (Fla. 4th DCA 1990). “Under such circumstances, the denial of the motion constitutes an abuse of discretion, compelling reversal.” Id. Because both parties on remand should have been given an opportunity to be heard at the final hearing, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN, MINER, and BENTON, JJ., concur.

 In the hearing held on the former husband’s motion, the trial court indicated its belief that the notices reached the correct address:
THE COURT: Well, I am telling you right now the part that confuses me is I haven't heard any testimony of letters coming back. The Court sent him mail, it didn't come back. You used that address in May, you used Miami with the right ZIP code for Hollywood. Now, I assume, I don't know, maybe I’m wrong, that the first thing that the mail reading machines look at is the ZIP code, then the city. I don’t *1304 know. The address is correct, the only thing wrong with it is perhaps an L instead of an R. And the city. The ZIP code is right, everything else in the address is accurate, is the right?
MR. CROWN: That's correct, Your Honor. (Emphasis supplied.) There was no testimony at the hearing concerning mail reading machines or post office procedures.