GRIFFIN, Chief Judge.
Appellant Martha Power seeks review of the trial court’s denial of her motion to vacate a judgment pursuant to Rule 1.540, Florida Rules of Civil Procedure. Appellant argues that the trial court erred in denying her an evidentiary hearing to resolve her claim that she did not receive notice of the scheduled hearing on appellee’s motion for summary judgment, at which hearing a judgment was entered against her.
The judgment that appellant seeks to vacate stemmed from a complaint filed by ap-pellee for an account stated, an open account, and goods sold and delivered. The complaint alleged that the sum of $15,037.34 plus applicable interest was owed appellee by appellant. Among the attachments to the complaint was an application for credit with the appellee apparently completed some time earlier by the appellant. The application’s requests for both a street and billing address were answered as follows:
COMPANY NAME: Marine & Indu Serv.
STREET ADDRESS: 3409 Minnow Creek Dr.
Springhill, FI. 34607
BILLING ADDRESS: P.O. Box 3128_
Springhill, FL 34606
Appellant was served by the Hernando County Sheriffs Office. The service address on the summons and the return of service read as follows:
MARTHA POWER, d/b/a
MARINE & INDUSTRIAL SERVICE,
3409 Minnow Creek Drive
Spring Hill, FL 34606
(emphasis added). In her answer, which was filed pro se, appellant responded that the amount stated in the complaint did not reflect payments made to appellee and that the stated balance owed was therefore incorrect. The address at the conclusion of the answer was the street address listed in the credit application, including the ZIP code 34607.
Approximately one month later, appellee filed a motion for summary judgment and a notice of hearing. The notice contained a certificate of service which stated that a copy of the notice had been mailed to appellant at:
MARTHA POWER, d/b/a
MARINE & INDUSTRIAL SERVICE,
3409 Minnow Creek Drive
Spring Hill, FL 34606
*1287 (emphasis added). Similarly, the certificate accompanying the summary judgment motion related that a copy of the motion had been mailed to appellant at:
MARTHA POWER, d/b/a
MARINE & INDUSTRIAL SERVICE
P.O. Box 3128
3409 Minnow Creek Drive
Spring Hill, FL 34606
(emphasis added). The hearing was held as scheduled, but apparently appellant did not participate. On April 18,1995, the trial court entered a summary final judgment in favor of appellee in the amount of $15,037.34, plus prejudgment interest and costs. The judgment reflects that a copy of the same was mailed to appellant at:
MARTHA POWER, d/b/a
MARINE & INDUSTRIAL SERVICE
P.O. Box 3128
3409 Minnow Creek Drive
Spring Hill, Florida 34607
(emphasis added).
Four months later, on August 30, 1995, appellant filed a “Motion to Set Aside Judgment,” claiming the appellant’s attorney failed to notify her of the “court date” which resulted in the subject judgment. The motion incorporated an affidavit in which appellant swore under oath that she had not received notification of either the hearing or the judgment from the appellee or courts. The motion also set forth that the amount listed in the judgment was incorrect and attempted to explain, with the aid of attachments, that the amount due appellee was less than the judgment.
The court conducted a hearing on the motion, resulting in an order from the court for the parties to brief the issue of whether an evidentiary hearing was required on the appellant’s motion. In its response, appellee argued that an evidentiary hearing was not required for three reasons: (1) the appellant’s motion was insufficient as a matter of law, (2) the appellant had not operated with clean hands or in good faith, and (3) the appellant did not bring the motion before the court in a reasonable time. The appellant, now represented by an attorney, countered that her denial of receipt of the notice of hearing created a factual issue to be resolved at an evidentiary hearing. The only explanation offered for her contention that she did not receive the judgment was that the court had used both her post office box number and her street address. After collecting these responses, the trial court rendered an order denying both the appellant’s request for an evidentiary hearing and the motion to vacate the judgment. The order recited that the motion was denied at least in part because no mail had been returned to the court and because the court had been informed by the U.S. Postal Service that mail with an incorrect ZIP code is normally only delayed only one to two days and mail with both a box office number and street address is ordinarily delivered to one of the two addresses.
We reverse because we are bound to agree that appellant is entitled to offer evidence that she received no notice of the hearing and to rebut, if she can, the evidentiary matters that were persuasive to the court.
Generally, where one party alleges that she did not receive notice of a hearing which resulted in a judgment against her, and the other party disputes this contention, an evidentiary hearing is required to resolve the matter. Scutieri v. Miller, 584 So.2d 15, 16 (Fla. 3d DCA 1991); Goudie v. Garcia, 584 So.2d 100, 101 (Fla. 3d DCA 1991); see Liberty Mut. Ins. Co. v. Lyons, 622 So.2d 621, 622 (Fla. 5th DCA 1993). The court cannot determine the credibility of appellant’s claim of lack of notice without hearing her evidence. The court is not bound to believe her, but it is bound to hear her.
REVERSED and REMANDED.
DAUKSCH and ANTOON, JJ., concur.