GROSS, J.
Appellant Wilhem Weber timely appeals orders which had the effect of granting appellees’ motion to set aside a final judgment under Florida Rule of Civil Procedure 1.540(b). The orders are appealable under Florida Rule of Appellate Procedure 9.130(a)(5). '
The trial court entered a final judgment on August 14, 1998. Appellees timely filed their motion to set aside the judgment on August 31, 1998. They claimed that they had no notice that Weber was seeking the entry of a final judgment pursuant to a settlement agreement. The trial court did not abuse its discretion in setting aside the final judgment. Lack of proper notice that a party is applying to the court for a final judgment is a classic reason for setting a final judgment aside. For example, in Rosso v. Golden Surf Towers Condominium Ass’n, 711 So.2d 1298, 1299 (Fla. 4th DCA 1998), this court held that the trial court abused its discretion in denying appellant’s motion to vacate a judgment, where the appellant was not served with a copy of an order enforcing a permanent injunction.
Weber contends that Crosby Forrest Products, Inc. v. Byers, 623 So.2d 565 (Fla. 5th DCA 1993), is directly on point and supports reversal here. In Crosby, a seller and a buyer entered into a stipulation of settlement, whereby the buyer agreed to make installment payments to the seller totaling $80,000. The settlement agreement provided that time was of the essence and that in the event of default in any payment, the court could immediately, “without further notice or hearing, enter judgment against [the buyer] for any sums remaining unpaid ... upon the filing of an Affidavit as to [the buyer’s] default ... with the Clerk of this Court.” Id. at 566.
After the buyer in Crosby made three timely payments, the fourth payment was dishonored by the bank for insufficient funds. The seller served its affidavit by mail and a final judgment was entered a *444 week later. See id. The buyer moved to vacate the judgment, alleging that the dishonored check was due to a bookkeeping error and that, in any event, the buyer’s overdraft protection should have covered the check. See id. at 566-67. The trial court granted the buyer’s motion to vacate the final judgment. The fifth district reversed, on the ground that settlement agreements are highly favored and once entered, are binding on the parties and the courts. See id. at 567. In so holding, the court noted that the buyer did not deny having breached the settlement agreement; the buyer simply argued that the breach was the result of a mistake. See id.
Crosby is distinguishable from this case. In Crosby, the settlement agreement specifically provided that no notice to the buyer or hearing was required before the seller could obtain a final judgment in the event of the buyer’s default. In this case, the settlement agreement was silent as to the necessity of a notice or hearing before Weber could secure a final judgment from the trial court. Paragraph 2 of the settlement agreement provided:
Should [appellees] fail to make either of the said payments timely, [Weber] shall be entitled to present the court with an affidavit representing the same and may obtain a judgment against [appellees] for the entire deposit [Weber] paid [ap-pellees] to wit: $43,000.00 less any payment received pursuant to this stipulation.
Unless specifically dispensed with in a settlement agreement, notice and an opportunity to be heard are necessary prerequisites to the entry of a final judgment. See Fla.R.Civ.P. 1.080(a); 1.090(d); 1.100(b).
AFFIRMED.
DELL and TAYLOR, JJ., concur.