HAZOURI, J.
The Appellant, Bob Shiver, contends that the trial court erred by denying his motion to vacate under Florida Rules of Civil Procedure 1.540(b)(1) and 1.540(b)(4). We disagree, as the trial court did not abuse its discretion in denying the motion.
The Appellees, Edward Wharton and Janet Geismar, owned and operated a fire alarm and burglar alarm company named Hi-Rise Safety Systems, Inc. Shiver, a large shareholder and sole director of several companies which sold, installed, and maintained fire and burglar alarm systems, approached Wharton and Geismar with a proposal to purchase stock in them company. Shiver allegedly told Wharton and Geismar that he was aggregating companies to create a synergy of national companies. He told them that he would operate and manage the companies and, through the use of his skills and experience, would increase Hi-Rise’s revenues and be able to repay them $3,000,000.00 over several years. Based on this proposition, Wharton and Geismar sold all of the stock in Hi-Rise to one of Shiver’s companies, Aerwav Integrations Services, Inc., for approximately $4,000,000.00. This amount was payable in cash and the issuance of certain AIS Class B and C preferred and common stock, which Shiver was to redeem on predetermined dates for the remainder of the purchase price of Hi-Rise. Shiver, however, defaulted on his obligation to redeem the stock and make payments, and has failed to cure this default.
Wharton and Geismar brought an action against Bob Shiver for fraud in the inducement, fraud in the execution, and breach of contract. On October 17, 2005, service of process for these claims was personally served on Shiver at 26 Chapin Road, Suite 1112, Pine Brook, NJ, 07058. Shiver appeared in this action on November 8, 2005, when his then-attorney, Gerald Wald, filed a motion to dismiss.
Before the hearing on the motion to dismiss, Wald withdrew as counsel. Shiver did not attend the hearing on the motion to dismiss. The trial court denied the motion to dismiss and gave Shiver ten days to answer the complaint.
On February 10, 2006, because Shiver had not answered the complaint, Wharton and Geismar filed a motion for default judgment, which was noticed for hearing on February 27, 2006. Both the motion and notice of hearing were mailed to Shiver at the Chapin Road address. Shiver failed to file an answer or appear at the February 27 hearing, which resulted in the trial court entering a default judgment against Shiver as to all issues of liability. This order was sent to Shiver at the Cha-pin Road address.
On March 10, 2006, Wharton and Geis-mar filed a motion for summary judgment as to damages. This motion was mailed to the Chapin Road address. A hearing on this motion was scheduled for April 21, 2006. A copy of the notice of hearing was mailed to Shiver at the Chapin Road address. At the hearing, the trial court entered an order granting partial summary judgment, awarding liquidated damages for breach of contract. As to the issue of damages for fraud, the trial court ordered a jury trial. A copy of this order was mailed to the Chapin Road address.
Before trial, Wharton and Geismar sent a process server to the Chapin Road ad *689 dress with a letter notifying Shiver of the trial date. On October 17, 2006, the server went to the Chapin Road address, where the secretary said Shiver was not present, but would return shortly. When Shiver did not return, the server left the notice with the secretary.
On October 19, 2006, a jury, in the absence of Shiver, awarded to Wharton and Geismar damages for the fraud counts. A final judgment was entered on October 25, 2006. On May 10, 2007, Shiver filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of New York, which resulted in an automatic stay being placed on the Florida judgments. On September 20, 2007, Shiver, in bankruptcy court, filed a motion to lift the automatic stay on the Florida judgments for the purpose of giving him a chance to vacate them.
On October 25, 2007, the U.S. Bankruptcy Court entered an order granting relief from the automatic stay. On November 30, 2007, Shiver filed his motion to vacate the Florida judgments in the Florida trial court. The trial court denied the rule 1.540(b)(1) motion as untimely. It also denied the rule 1.540(b)(4) motion, holding that the final judgment was not void because Shiver received proper notice before it was entered.
“ ‘A trial court has broad discretion in determining whether to grant relief from a judgment.’ ” Morrison v. West, 953 So.2d 755, 757 (Fla. 4th DCA 2007) (quoting Kroner v. Singer Asset Fin. Co., 814 So.2d 454, 456 (Fla. 4th DCA 2001)). As such, an appellate court typically “ ‘review[s] orders of the trial court’ ” on motions to vacate pursuant to rule 1.540(b) “ ‘for abuse of discretion.’ ” Id. (quoting Kroner, 814 So.2d at 456).
The trial court acted properly by dismissing the rule 1.540(b)(1) as untimely. Although the proceeding was stayed by the Bankruptcy Court, Shiver still failed to timely file his motion to vacate the Florida judgments. Specifically, under the Federal Bankruptcy Code, when a bankruptcy claim is filed, nonbankruptcy proceedings concerning the subject matter of the bankruptcy are automatically stayed. See 11 U.S.C. § 362 (2006). If an “order [is] entered in a nonbankruptcy proceeding,” and if the period of time applicable to that order “has not expired before the date of the filing of the [bankruptcy] petition,” then the period of time in the nonbank-ruptcy order “does not expire until the later of — (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.” 11 U.S.C. § 108(c).
In this case, the nonbankruptcy order was the final judgment entered on October 25, 2006. The period of time given to a party by rule 1.540(b)(1) to move to vacate is one year, giving Shiver until October 25, 2007 to move to vacate. See Fla. R. Civ. P. 1.540(b). Shiver filed for bankruptcy on May 10, 2007, which was before the expiration of the one year period allotted by rule 1.540(b). Shiver’s stay, however, was not lifted until October 25, 2007, exactly one year from when the final judgment was entered. By lifting the stay at the same time the rule 1.540 period expired, Shiver now had thirty days to move to vacate under rule 1.540(b)(1), as the thirty-day period was the later of the end of the time allotted by rule 1.540(b) or 30 days from termination of the stay. Because Shiver filed his motion to vacate on November 30, 2007, which was more than thirty days from when the stay was lifted, Shiver’s opportunity to move to vacate under rule 1.540(b)(1) had expired. Therefore, the *690 trial court acted properly in denying Shiver’s motion to vacate under rule 1.540(b)(1) as untimely.
The trial court also did not abuse its discretion in denying Shiver’s motion to vacate the final judgment as void under 1.540(b)(4). This is because Shiver received proper notice of the proceedings leading up to the default and final judgments. As a result, the judgments were not void because Shiver’s due process rights were not violated.
The purpose of “[rjule 1.540(b)(4)” is to “provide[] relief from void judgments. Relief from a void judgment may be granted at any time.” Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006). A judgment is void if, in the proceedings leading up to the judgment, there is “[a] violation of the due process guarantee of notice and an opportunity to be heard.... Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure before judgment is rendered.” Id. (emphasis in original).
In this case, Shiver’s due process rights were not violated because he received notice of the proceedings leading up to the default and final judgments. This is because Shiver never gave the trial court an address other than the Chapin Road address. In fact, during the pendency of the proceedings, Shiver, who knew about the proceedings and appeared via his motion to dismiss, made no effort to check on the proceeding’s status. Shiver’s receipt of notice of the proceedings through the mailings to the Chapin Road address was also evidenced when the process server went to the Chapin Road address to notify Shiver of trial. Although the server did not personally serve Shiver, the secretary told the server that Shiver would return shortly. This showed that Shiver still occupied the Chapin Road address, and that the mailings to the Chapin Road address had been, and were still, a viable means of notification.
Therefore, the trial court did not abuse its discretion in denying the motion to vacate the default and final judgments as void under rule 1.540(b)(4). We, accordingly, affirm.

Affirmed.

WARNER, J., and SHAHOOD, GEORGE A., Senior Judge, concur.