LEVINE, J.
 

 The issue presented is whether the trial court erred in denying a motion for relief from judgment without an evidentiary hearing. We find the trial court erred since the trial court should not have denied the motion without an evidentiary hearing where there was a “colorable” claim of entitlement to relief.
 

 In 2005, appellees International Consumer Corp. and Just In Sales Corp. filed a complaint against appellant, claiming fraud in the inducement and constructive fraud, among other claims. Eventually, the case was set for a four-week trial docket beginning on January 5, 2009. Docket call was scheduled for December 19, 2008. Appellant’s attorney moved to withdraw, and the trial court granted the motion on December 18. The order granting the motion, which was mailed to appellant, provided appellant with “a reasonable time from the date of this order within which to retain new counsel.” On January 22, 2009, a new counsel for appellant filed a notice of appearance. A trial was held starting on January 26, 2009, with other defendants present. Appellant and his counsel were not present. Subsequently, a jury returned a verdict against the absent appellant for $340,000 in damages for actual fraud and $20,000 in damages for constructive fraud. The trial court entered the judgment against appellant, finding that he did not appear for trial despite receiving “proper notice.”
 

 Appellant filed a motion for new trial and relief from the judgment, alleging that he did not receive notice of the trial. The counsel for appellant had just been retained and had not received any papers regarding the trial date. Further, prior counsel advised the new counsel only that there was an upcoming calendar call on this matter. The trial court denied appellant’s motion and this appeal ensues.
 
 [1]
 

 The trial court’s denial of the motion for relief from judgment pursuant to rule 1.540(b) is reviewed for abuse of discretion.
 
 Shiver v. Wharton,
 
 9 So.3d 687, 690 (Fla. 4th DCA 2009). “A judgment is void if, in the proceedings leading up to the judgment, there is ‘[a] violation of the due process guarantee of notice and an opportunity to be heard.... Generally, due process requires fair notice and a real opportunity to be heard and defend in an
 
 *77
 
 orderly procedure
 
 before
 
 judgment is rendered.’ ”
 
 Id.
 
 (citation omitted). Further, “[generally, a prior judgment, decree or order must be set aside where there is excusable neglect in the form of a litigant’s failure to receive notice of a pending hearing or trial.”
 
 Liberty Mut. Ins. Co. v. Lyons,
 
 622 So.2d 621, 622 (Fla. 5th DCA 1993).
 

 In the present case, appellant claims to have not received notice of the pending trial held in January 2009. Nothing in the record indicates that appellant received notice of the trial date. The prior counsel, who withdrew on December 18, never attended the docket call scheduled for December 19, and the new counsel did not submit a notice of appearance until Thursday, January 22, a mere four days before the commencement of trial on Monday, January 26.
 

 We conclude that the trial court abused its discretion by failing to hold an evidentiary hearing on the motion for relief from judgment. “A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege ‘colorable entitlement’ to relief.”
 
 Schleger v. Stebelsky,
 
 957 So.2d 71, 73 (Fla. 4th DCA 2007) (quoting
 
 Smith v. Smith,
 
 903 So.2d 1044, 1045 (Fla. 5th DCA 2005)). Clearly, in the present case, the motion for relief from judgment stated a claim of “colorable entitlement to relief’ that would require the trial court to conduct an evidentiary hearing before dismissing the motion. We reverse and remand for an evidentiary hearing.
 

 Reversed and remanded for further proceedings.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . The appeal from the final judgment was untimely. The motion for new trial did not suspend rendition of the final judgment, as it was served more than ten days after the verdict. The only issue for review is the motion for relief from judgment. A request for relief from judgment may be filed within one year after the final judgment is entered. Fla. R. Civ. P. 1.540(b).