PER CURIAM.
Appellant appeals the denial of his motion to vacate the order dismissing his case after he failed to appear at a status conference of which he had no notice. Rule 1.540(b)(4) provides that the court may relieve a party from a void judgment. “A judgment is void if, in the proceedings leading up to the judgment, there is ‘[a] violation of the due process guarantee of notice and an opportunity to be heard.’ ” Shiver v. Wharton, 9 So.3d 687, 690 (Fla. 4th DCA 2009) (quoting Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006)). The record shows that the notice of the status conference was mailed to appellant at the wrong address. Because appellant failed to receive notice of the status conference, he was denied due process and the order of dismissal *1130 must be vacated as void. See Watson v. Watson, 583 So.2d 410 (Fla. 4th DCA 1991) (reversing the denial of a motion to set aside a final judgment where the face of the order showed that the trial court did not mail notice to appellant’s correct address); Taylor v. Bowles, 570 So.2d 1093 (Fla. 4th DCA 1990) (finding abuse of discretion in denial of motion for relief from judgment where defendant had no notice of the trial date).

Reversed.

GROSS, CIKLIN and LEVINE, JJ., concur.