EDWARDS, J.
Appellant, Wells Fargo Bank, N.A. (“Wells Fargo”), appeals the trial court’s denial of its motion to vacate the order dismissing the case. In the underlying foreclosure action, the trial court issued an order continuing the trial. However, it failed to serve an order setting the new trial date. As a result, neither Wells Fargo nor the defendants, Susan Michaels and Paul Michaels (“Appellees”), appeared for trial. The trial court sua sponte dismissed the action. After realizing that the action had been dismissed, Wells Fargo moved to have the order of dismissal vacated. The trial court refused to do so. We find that the trial court abused its discretion by failing to vacate the dismissal. We reverse with instructions to vacate the dismissal and reinstate the action.
The foreclosure action was filed in 2009. Appellees initially moved to dismiss Wells Fargo’s complaint, but later filed an answer and affirmative defenses. On September 16, 2013, Wells Fargo filed a notice, attaching a copy of Appellees’ consent to foreclosure in which they admitted all assertions of the complaint, withdrew their affirmative defenses, and consented to the entry of a final judgment of foreclosure.
Thereafter, the trial court issued an order setting a non-jury trial for the one week trial period commencing January 27, 2014, and directing pre-trial procedures, including appearance at the January 22, 2014 docket sounding. This order was served on all parties. At the docket *227 sounding, the trial was scheduled for January 29, 2014. On January 23, 2014, Wells Fargo filed a notice of trial for January 29, 2014.
The court made notes on its “Non-Jury Trial Sheet” regarding the hearing on January 29, 2014, the original trial date. That sheet reflects that Appellees had consented to final judgment, but the consent did not include the amounts owed, and a witness was to testify regarding the lost note. The sheet also included a notation near the bottom of the page stating, “Court continue case to trial 2-24-14.” The trial court, however, did not issue an order resetting the trial. In addition, the “Non-Jury Trial Sheet” was not served on the parties and is not signed by the trial judge. On February 4, 2014, Wells Fargo filed a notice to set cause for non-jury trial to advise the court that the case was ready to be tried and to obtain a new trial date.
Apparently, the trial court scheduled a docket sounding or calendar call for February 19, 2014, for the cases set for trial during the February 24, 2014 trial period. Wells Fargo states that the court did not provide notice to either party. On February 19, 2014, the trial court filed a copy of its trial calendar with handwritten notes that appear to reflect what occurred at the calendar call. The handwritten notes indicate that no parties or counsel attended the docket sounding for this case. The trial calendar notes reflect that the court set this case to be tried on February 27, 2014. This marked-up trial calendar is unsigned and was not served on the parties.
On February 27, 2014, neither side appeared for trial. As a result, the trial court entered an order on March 3, 2014, dismissing the action. The order of dismissal stated in part that the “court announced the trial date at docket sounding conducted February 19, 2014.” However, as noted above, no one connected with this case was in attendance at that docket sounding. The case was involuntarily dismissed by that March 3, 2014 order.
On March 12, 2014, Wells Fargo filed a motion pursuant to Florida Rule of Civil Procedure 1.540(b) to vacate the order of dismissal as void because it had not received notice of the February 19 docket sounding or the February 27 trial date. Wells Fargo’s motion set forth the relevant matters and legal authority that supported its argument that the dismissal should be vacated and the case should be re-noticed for trial. Without a hearing, the trial court denied Wells Fargo’s motion, cancelled a hearing that had been set on the motion, and stated that no further motions would, be considered. Wells Fargo timely appealed the April 15, 2014 order.
A trial court’s ruling on a rule 1.540(b) motion is reviewed for an abuse of discretion. J.J.K. Intern., Inc. v. Shivbaran, 985 So.2d 66, 68 (Fla. 4th DCA 2008); Provident Life & Accident Ins. Co. v. Lebo, 355 So.2d 195, 196 (Fla. 3d DCA 1978).
It is well-settled law that an order entered without notice is void. Taylor v. Bowles, 570 So.2d 1093, 1094 (Fla. 4th DCA 1990) (“When a party has no notice of a trial date, the trial court abuses its discretion when it proceeds with a final hearing and enters final judgment.”); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988) (“A judgment entered without notice to a party is void.”); Falkner v. Amerifirst Fed. Sav. & Loan Ass’n, 489 So.2d 758, 759 (Fla. 3d DCA 1986) (“Where the uncontroverted facts showed that the Falkners did not receive notice, the trial court was obligated to grant relief from the judgment as a matter of law.”); see also Touloute v. City of Fort Lauderdale, *228 80 So.3d 1129, 1129 (Fla. 4th DCA 2012) (holding that party was denied due process when party failed to receive notice of status conference); Watson v. Watson, 583 So.2d 410, 411 (Fla. 4th DCA 1991) (holding where face of order setting trial shows that trial court did not mail notice to appellant’s correct address, trial court abuses its discretion in denying motion to set aside judgment).
The record is clear that the trial court did not enter or serve a written order, nor did it otherwise give notice to the parties, of the February 19, 2014 docket sounding or the February 27, 2014 trial date. Under those circumstances, the trial court should have granted Wells Fargo’s motion to vacate the dismissal. Its failure to do so amounts to an abuse of discretion that has further delayed and increased the expense of the resolution of this case. We reverse with directions to the trial court to enter an order vacating the dismissal and to enter and serve an order in accordance with rule 1.440 setting the case for trial.
REVERSED and REMANDED with INSTRUCTIONS.
SAWAYA and LAWSON, JJ., concur.