DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES I. JONES, SR.** and **ALEXANDRIA DIAZ,**
Appellants,

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY AS A SUBROGEE OF LEE A. DAISE,**
Appellee.

No. 4D15-2585

[May 25, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE14-021796.

James I. Jones, Sr. and Alexandria Diaz, Fort Lauderdale, pro se.

No brief for appellee.

CONNER, J.

James I. Jones, Sr. and Alexandria Diaz, the defendants below, appeal an order denying their motion filed pursuant to rule 1.540(b), Florida Rules of Civil Procedure. This Court has jurisdiction pursuant to rule 9.130(a)(5), Florida Rules of Appellate Procedure. We reverse, concluding the trial court abused its discretion in denying their motion without an evidentiary hearing.

Following a hearing, the trial court entered a final summary judgment (not a default judgment) in favor of GEICO, awarding it the amount of damages it sought, plus costs and interest.

The defendants filed a pro se "motion to set aside default and motion for rehearing," specifically invoking rule 1.540(b). They explained that, through mishandling of their mail, they first received notice of the hearing set for 8:45 a.m. on May 5 at about 7:40 a.m. on the date of the hearing,

and appeared at 9:15 a.m.[1]  At that point, the judge told them the case could not be discussed without both parties present.  They requested a new hearing on the merits.

The defendants explained their mail had been delivered to a neighbor, whose name and address they provided in the motion.  Among their attachments was the neighbor's affidavit in which he stated that on May 5, 2015, he gave Diaz mail that was addressed to Diaz and to Jones, but was misdelivered to his (the neighbor's) mailbox, and he had been riding around with their mail for about three weeks.  Diaz immediately opened it and showed the neighbor a notice of hearing scheduled for the same date (May 5, 2015).  Jones's affidavit also stated that on May 5, 2015, the neighbor gave Diaz the mail addressed to the defendants and, due to the late notice, he arrived late to court around 9:15.

The trial court summarily denied the defendants' motion, without explanation.

An order ruling on a rule 1.540(b) motion is reviewed for abuse of discretion.  *Schuman v. Int'l Consumer Corp.*, 50 So. 3d 75, 76 (Fla. 4th DCA 2010).

"A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege 'colorable entitlement' to relief."  *Id.* at 77 (quoting *Schleger v. Stebelsky*, 957 So. 2d 71, 73 (Fla. 4th DCA 2007)).

The defendants argue that the trial court abused its discretion in not vacating the judgment and giving them a chance to be heard.  The sworn affidavits attached to the rule 1.540 motion stated that the defendants did not receive notice of the hearing on the motion for summary judgment until the morning of the hearing, too late to arrive in time to attend the hearing.

"Lack of proper notice that a party is applying to the court for a final judgment is a classic reason for setting a final judgment aside."  *Weber v. Shea*, 742 So. 2d 443, 443 (Fla. 4th DCA 1999); *see also Taylor v. Bowles*, 570 So. 2d 1093, 1093 (Fla. 4th DCA 1990) (reversing an order denying the appellant's motion for relief from final judgment where the defendant had no notice of the trial date); *Barry v. Barry*, 324 So. 2d 644, 644 (Fla. 4th DCA 1976) (reversing an order denying a motion to set aside a final

---

[1] Other than the notice of hearing, the defendants do not specify what other items of mail they did not receive until May 5.

2

judgment of dissolution of marriage where the record clearly demonstrated that the appellant did not receive notice of the final hearing).

In *Liberty Mutual Insurance Co. v. Lyons*, 622 So. 2d 621 (Fla. 5th DCA 1993), one party moved for sanctions against the other for actions taken during mediation. *Id.* at 622. The trial court granted a hearing on the request for sanctions and served both parties with the order. *Id.* The trial court imposed sanctions on Liberty at the hearing, at which Liberty did not appear; Liberty moved for relief, claiming it did not receive notice of the hearing. *Id.* The trial court denied the motion and the district court reversed. *Id.* It explained, "Generally, a prior judgment, decree or order must be set aside where there is excusable neglect in the form of a litigant's failure to receive notice of a pending hearing or trial." *Id.* The denial of receipt raised a fact issue which had to be resolved in an evidentiary hearing. *Id*; *accord Power v. Grow Grp., Inc.*, 697 So. 2d 1286, 1287 (Fla. 5th DCA 1997) (reversing order denying motion to vacate final summary judgment in appellee's favor, in which appellant claimed she received no notice of the hearing; trial court could not determine credibility of appellant's claim without evidentiary hearing).

Here, the defendants' rule 1.540 motion alleged, with sworn affidavits, that they did not receive notice of the hearing on GEICO's motion for summary judgment in time to attend the hearing. We reverse the order denying their motion and remand for an evidentiary hearing on their claim that they did not receive notice of the hearing in time to attend it.

*Reversed and remanded.*

CIKLIN, C.J., and FORST, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**