DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LORENZO A. ALLEN,**
Appellant,

v.

**HABITAT II CONDOMINIUM, INC.,** a Florida not-for-profit corporation,
Appellee.

No. 4D18-1517

[March 27, 2019]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE 15-019601 (02).

Lorenzo A. Allen, Parkland, pro se.

Tara N. Mulrey of Katzman Chandler, Fort Lauderdale, for appellee.

PER CURIAM.

Lorenzo A. Allen appeals an order denying in part his Florida Rule of Civil Procedure 1.540 motion to vacate a foreclosure judgment and to set aside the sale. He argues the judgment is void because he did not have notice of the final hearing. He also argues that the trial court erred in denying his rule 1.540 motion without an evidentiary hearing. We agree that he is entitled to an evidentiary hearing.

Habitat II Condominium, Inc. (Habitat) filed a complaint against Allen and other owners of a condominium to foreclose a lien for $3,460 in unpaid assessments. Allen was served with the complaint by substitute service on his daughter at his residence. He did not answer. Habitat moved for default and, later, summary judgment. The motions and the notices of hearing were mailed to a different address. Allen did not appear at the final hearing, the trial court entered a foreclosure judgment, and the property was sold.

Just over a year after the final judgment, Allen filed a verified rule 1.540 motion arguing that his due process rights were violated by mailing the motions and notices of hearing to the wrong address, which rendered the

judgment void. Without holding an evidentiary hearing, the trial court denied the motion in part, simply stating that the judgment stands, but a hearing will be set as to amounts. The order does not include any findings or any explanation.

On appeal Allen argues that the judgment was void and the court erred in denying his rule 1.540 motion without an evidentiary hearing. Habitat did not file an answer brief.

"It is well settled that a judgment entered without notice to a party is void." *Taylor v. Taylor*, 67 So. 3d 359, 362 (Fla. 4th DCA 2011) (quoting *Watson v. Watson*, 583 So. 2d 410 (Fla. 4th DCA 1991)); *see also Wells Fargo Bank, N.A. v. Michaels*, 166 So. 3d 226, 227 (Fla. 5th DCA 2015); *Touloute v. City of Fort Lauderdale*, 80 So. 3d 1129 (Fla. 4th DCA 2012).

Allen's motion stated a colorable claim of entitlement to relief and should not have been denied without an evidentiary hearing. *See Jones v. Gov't Employees Ins. Co.*, 192 So. 3d 614, 615 (Fla. 4th DCA 2016); *Schuman v. Int'l Consumer Corp.*, 50 So. 3d 75, 77 (Fla. 4th DCA 2010).

Accordingly, we reverse and remand for an evidentiary hearing on Allen's claim that he did not have notice of the final hearing.

*Reversed and remanded.*

GERBER, C.J., TAYLOR and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***