DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REBECCA ROMERO,**
Appellant,

v.

**ADRIAN BRABHAM,**
Appellee.

No. 4D19-3769

[July 22, 2020]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 50-2015-DR-003902-XXXX-MB.

Rebecca Romero, Manalapan, pro se.

John D. Boykin of Ciklin Lubitz, West Palm Beach, for appellee.

WARNER, J.

In this appeal from the denial of a motion to vacate a post-judgment order pursuant to Florida Family Law Rule of Procedure 12.540(b), the former wife contends that the court erred in summarily denying her motion without a hearing. We agree and reverse.

This case arises from a dissolution of marriage action filed in 2015 and entered in 2016, incorporating a Marital Settlement Agreement (MSA). The MSA provided in part:

> TAX EXEMPTION: The Husband shall claim the minor child as a dependent on his U.S. Income Tax Return for odd tax years and the Wife shall claim the minor child as a dependent on her U.S. Tax Return in even years. The parties shall cooperate in executing such forms as may be necessary for filing Federal Income Tax returns consistent with this provision.

Contrary to this agreement, the former wife took the parties' minor child as a dependent on her 2017 return, believing it to be her right because the former husband had been late on his child support payments. The former husband filed a motion for contempt/enforcement of the MSA. After a hearing before a general magistrate, the court concluded that the MSA did not require the former husband to be current on child support payments in order to claim the dependency exemption. It ordered the former wife to amend her federal income tax return for 2017 within thirty days, removing the child as a dependent; to provide a copy of the amended tax return to the former husband's attorney; and to file a redacted copy with the Clerk of Court. The former wife appealed that ruling but, in May 2019, this court dismissed the appeal for lack of prosecution.

Thereafter, the former husband filed a motion for commitment, contempt, and/or enforcement, alleging that the former wife still had not amended her tax return and complied with the order. A hearing on that motion was scheduled for September 23, 2019. On September 13, the former wife responded and attached to her response a redacted copy of her amended return and IRS Form 8332, showing that she had deleted the child as a dependent on her amended 2017 tax return. On September 20, she also moved to appear telephonically, as her counsel had "unexpectedly and abruptly withdrawn from the case" and she had not planned to appear.

The September 23rd hearing occurred as scheduled. The court apparently ruled on the motion to allow a telephonic conference at the hearing, as the order denying the former wife's request to appear electronically was filed the same day. The court entered an order granting the motion for commitment, contempt and/or enforcement. The court stated that the former wife had failed to comply with the January 2019 order, which required her to amend and file her 2017 tax return to remove the child as a dependent and to provide a copy to the former husband's attorney, as well as complete IRS Form 8332. The court then ruled that the former wife "shall provide her amended 1040x *along with all attachments and schedules,* along with proof of filing same with the IRS." (Emphasis supplied.)

The former wife immediately filed a pro se motion to vacate pursuant to Florida Family Law Rule of Procedure 12.540, contending that she had complied with the prior order by amending her tax return and submitting Form 8332. The former wife alleged that while she had contacted the former husband's attorney about cancelling the hearing on his motion, counsel refused because he was going to seek attorney's fees at the hearing. She then filed a motion to appear telephonically. At the time of

2

the hearing on September 23rd, she had scheduled a CourtCall appearance. She attached her receipt to the motion to vacate. That receipt states "[y]our CourtCall Appearance has been confirmed for Judge Sarah Willis," at the date and time of the hearing. The former wife alleged that on the date of the hearing, she waited for forty minutes on hold but was never allowed into the hearing. She claimed she was denied due process and further that she had already complied with the provisions of the prior order. The trial court summarily denied the motion to vacate, and the former wife appeals.

We reverse because the former wife was denied a hearing on her motion to vacate. "A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege 'colorable entitlement' to relief." *Shuman v. Int'l Consumer Corp.*, 50 So. 3d 75, 77 (Fla. 4th DCA 2010) (quoting *Schleger v. Stebelsky*, 957 So. 2d 71, 73 (Fla. 4th DCA 2007)); *accord Jones v. Gov't Emps. Ins. Co.*, 192 So. 3d 614, 615 (Fla. 4th DCA 2016).

The former wife's motion to vacate and the attachments thereto presented a colorable entitlement to relief. She alleged that she requested a telephonic hearing and apparently was allowed to schedule one, waited on the phone for forty minutes, and found out only days later that the trial court denied her request on the day of the hearing.

> "Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure *before* judgment is rendered." Further, "[g]enerally, a prior judgment, decree or order must be set aside where there is excusable neglect in the form of a litigant's failure to receive notice of a pending hearing or trial." *Liberty Mut. Ins. Co. v. Lyons*, 622 So. 2d 621, 622 (Fla. 5th DCA 1993).

*Schuman,* 50 So. 3d at 76-77 (citation omitted).

Although in this case the former wife had notice of the hearing, she requested to attend by telephone. Because she was able to schedule her attendance through CourtCall, it was reasonable of her to expect that she would be allowed to join. While the former wife's motion to appear telephonically had yet to be ruled on, her expectation that it would be routinely granted was not unreasonable, given her ability to schedule the CourtCall. Based on these allegations, the former wife's motion to vacate alleged a colorable entitlement to relief, that is, being denied due process by her exclusion from the hearing. *See, e.g., Humana Health Plans v.*

3

*Lawton*, 675 So. 2d 1382 (Fla. 5th DCA 1996). At the very least, she should have been entitled to an evidentiary hearing on her motion to vacate.

Further, the former wife's motion to vacate alleged a meritorious defense to the motion for commitment, contempt and/or enforcement—that she allegedly had already complied with the prior order by filing the amended tax return deleting the child as a dependent, and by providing a copy of the amended tax return to the former husband's attorney.

As to the second order requiring the former wife to provide the former husband's attorney with all the schedules and attachments to the tax return, that requirement was not expressed in the prior order, nor was it requested in the motion for commitment. Thus, the motion to vacate alleged another colorable entitlement to relief, that is, being denied due process by having to provide relief which was not expressly requested or granted in the prior order.

> "[C]ourts are not authorized to award relief not requested in the pleadings. To grant unrequested relief is an abuse of discretion and reversible error." *Abbott v. Abbott*, 98 So. 3d 616, 617-18 (Fla. 2d DCA 2012) (citations omitted); *see, e.g.*, *Davis v. Lopez-Davis*, 162 So. 3d 19, 21 (Fla. 4th DCA 2014) (concluding that "the court erroneously awarded the wife relief that she did not request" "by denying the husband any visitation" because the wife "requested that the husband be allowed supervised visitation" and "did not request that the husband be denied any timesharing with the child"). "Additionally, a court should not grant such relief absent proper notice to the parties." *Worthington v. Worthington*, 123 So. 3d 1189, 1191 (Fla. 2d DCA 2013) (citing *Sinton v. Sinton*, 749 So. 2d 532, 533 (Fla. 2d DCA 1999)). Granting unrequested relief absent proper notice is a violation of due process. *See Buschor v. Buschor*, 252 So. 3d 833, 834-35 (Fla. 5th DCA 2018) (concluding that the trial court violated Former Wife's due process rights when it awarded unrequested relief without proper notice).

*Stover v. Stover*, 287 So. 3d 1277, 1279 (Fla. 2d DCA 2020).

Based on the prior order, the former husband was entitled to the tax exemption for his child. Thus, when the former wife amended her tax return, he was entitled to see that the dependent exemption was removed. The record indicates no reason why the former husband would be entitled

to see the attachments and schedules.  These parties were divorced four years at the time of these proceedings.  Other than to ascertain that the former wife did not take the dependency deduction, the record does not indicate why the attachments and schedules would be relevant.  Neither party was seeking relief or modification of any financial obligation under the MSA.  "Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."  *Borck v. Borck*, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005).

For all of these reasons, we reverse to require an evidentiary hearing on the motion to vacate.

*Reversed and remanded for proceedings consistent with this opinion.*

GERBER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**