# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3092
_____

NASHWA HOLT,

Appellant,

v.

ERIC V. HOLT,

Appellee.

_____


On appeal from the Circuit Court for Okaloosa County.
Mary Polson, Judge.

October 31, 2018


ROWE, J.

Former wife Nashwa Holt appeals an order granting former husband Eric Holt relief from a 2010 order vacating the trial court's final judgment of dissolution. Former husband had filed a motion in the original dissolution action seeking relief from the 2010 order on grounds that former wife committed fraud on the court when she forged his signature on a stipulated order vacating the final judgment of dissolution. Former wife argues that under Florida Rule of Civil Procedure 1.540(b), former husband was required to file an independent action to seek relief from the 2010 order. We agree.

## I. Facts

After four years of marriage, the parties agreed to divorce in August 2009. While the dissolution action was pending, former husband was incapacitated. In January 2009, he suffered a traumatic brain injury as a result of an IED explosion while he was deployed in Afghanistan. From January 2009 to February 2010, former husband received inpatient treatment at various hospitals, including the Walter Reed National Military Medical Center in Washington, D.C.

During his hospitalization, former wife presented former husband with a marital settlement agreement, which he signed. They agreed to expedite the dissolution. Former husband was not represented by counsel, and, due to his incapacity and frequent change of treatment centers, he relied on former wife to report to him on the status of the dissolution proceedings.

But unbeknownst to former husband, a final judgment of dissolution of marriage was entered in January 2010. And then, two months later, a stipulated order was presented to the trial court seeking to vacate the final judgment of dissolution of marriage. The order purported to include the signatures of former wife, her attorney, and former husband. The trial court entered the 2010 order vacating the final judgment of dissolution.

In February 2010, former husband completed his medical treatment and reconciled with former wife. They moved to Maryland, bought a home, and raised two children. Then, in 2013, the marriage deteriorated again, and former wife filed to dissolve the marriage in Maryland. During a 2016 hearing in the Maryland action, former husband learned for the first time that their marriage had been dissolved in the Florida action, and that shortly thereafter the 2010 order had been entered vacating the final judgment of dissolution.

Based on this information, former husband moved in the original Florida action for relief from the 2010 order vacating the final judgment of dissolution pursuant to Florida Rule of Civil Procedure 1.540(b). He asserted that the 2010 order was the result of fraud on the court because former wife had forged his signature.

2

He alleged that he had no knowledge their marriage had been dissolved, and he sought to set aside the 2010 order vacating the final judgment of dissolution.

At a hearing on the motion, former husband presented the testimony of a handwriting expert, who testified that the signature on the 2010 order matched that of former wife and appeared to be a forgery. Based on the expert's testimony, the trial court set aside the 2010 order and reinstated the final judgment of dissolution nunc pro tunc to January 2010.

Former wife appeals, asserting the trial court lacked jurisdiction to grant relief because former husband's motion was untimely under rule 1.540(b).

## II. Analysis

We review the trial court's order for an abuse of discretion. *See Shiver v. Wharton*, 9 So. 3d 687, 689 (Fla. 4th DCA 2009). Florida Rule of Civil Procedure 1.540(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final . . . order . . . for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . . The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.
>
> *This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.*

Fla. R. Civ. P. 1.540(b) (emphasis added).

The rule provides several grounds on which a party may seek relief from a judgment or order. The plain language of the rule provides that a party seeking relief from a final order on grounds of fraud, whether intrinsic or extrinsic, must do so within one year

3

of the order. However, a party alleging fraud on the court, also referred to as extrinsic fraud, may seek relief more than one year after the order only by filing an independent action. The fraud alleged in this case is extrinsic. *DeClaire v. Yohanan*, 453 So. 2d 375, 377 (Fla. 1984), *superseded by rule on other grounds as recognized in Parker v. Parker*, 950 So. 2d 388 (Fla. 2007). By forging former husband's signature on the 2010 order, former wife prevented former husband "from having an opportunity to present his case in court." *Id.* at 379; *see also Parker*, 950 So. 2d at 389-92. Therefore, former husband has raised a claim of extrinsic fraud. But, because he filed his motion more than one year after the entry of the 2010 order, former husband was precluded from seeking relief in the original action pursuant to the rule. *Parker*, 950 So. 2d at 392 ("[W]here fraud is extrinsic, it is deemed independent of the action and, therefore, must be attacked independent of the action."); *Lefler v. Lefler*, 776 So. 2d 319, 321 (Fla. 4th DCA 2001) ("Florida Rule of Civil Procedure 1.540(b), applicable to family court proceedings pursuant to Florida Family Law Rule 12.540, permits a party to bring an independent action to set aside a judgment for fraud upon the court after one year from the final judgment."). Rather, former husband could only seek relief from the 2010 order by filing an independent action.

Accordingly, we reverse the trial court's order granting former husband relief from the 2010 order. Our disposition is without prejudice to former husband, who may file an independent action seeking relief from the 2010 order. *See* Fla. R. Civ. P. 1.540(b).

B.L. THOMAS, C.J., and M.K. THOMAS, J., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Robert J. Powell of Clark Partington, Pensacola, for Appellant.

4

Crystal C. Spencer of Spencer Law PA, Pensacola, for Appellee.