DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JENNIFER MARLOW,

Appellant,

v.

NEWREZ, LLC, f/k/a NEW PENN FINANCIAL LLC
d/b/a SHELLPOINT MORTGAGE SERVICING; MICHAEL
D. HARRIS a/k/a Michael Harris, Trustee of Marlow 94 Family
Trust; UNKNOWN BENFICIARY OF THE MARLOW 94 FAMILY
TRUST; SARASOTA COASTAL CREDIT UNION; UNITED STATES
OF AMERICA; and INTERNAL REVENUE SERVICE,

Appellees.

No. 2D2023-1692

_____

August 23, 2024

Appeal from the Circuit Court for Sarasota County; Stephen M. Walker, Judge.

Jennifer Marlow, pro se.

Adam A. Diaz of Diaz Anselmo & Associates P.A., Fort Lauderdale, for Appellee New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing.

No appearance for remaining Appellees.

MORRIS, Judge.

Jennifer Marlow appeals from several orders issued by the trial court in an underlying foreclosure action brought by New Penn Financial

LLC d/b/a Shellpoint Mortgage Servicing. One of those orders denied Marlow's motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b). Where certain grounds are alleged in a rule 1.540(b) motion, including fraud (whether intrinsic or extrinsic), the motion must be brought "not more than [one] year after the judgment, decree, order, or proceeding was entered or taken." Fla. R. Civ. P. 1.540(b)(1)-(3), (5). If the ground asserted is that the judgment, order, or decree is void, however, the one-year requirement is not applicable. *See* Fla. R. Civ. P. 1.540(b)(4).

Here, although Marlow included the word "void" in a few instances within the motion, it is clear that her claims were really predicated on allegations of fraud. Thus she was required to file her rule 1.540(b)(3) motion no later than one year after the final summary judgment of foreclosure was entered. The final judgment was entered in October 2019, and this court affirmed that judgment in December 2020. Marlow did not file her rule 1.540 motion until April 2023, well after the one-year deadline set forth in the rule.

However, Marlow contends that her claim was one of fraud on the court and that an exception to the one-year time requirement applies. A claim of fraud on the court may be brought in one of two ways: either under rule 1.540(b)(3), in which case the one-year time requirement applies, or in an independent action which may be brought at any time. *See Bank One, Nat'l Ass'n v. Batronie*, 884 So. 2d 346, 348 n.1 (Fla. 2d DCA 2004). The only way to avoid the one-year time requirement for a claim of fraud on the court is to file an independent action. *Holt v. Holt*, 257 So. 3d 1155, 1157 (Fla. 1st DCA 2018) ("[A] party alleging fraud on the court, also referred to as extrinsic fraud, may seek relief more than one year after the [judgment] only by filing an independent action."); *see*

2

*also Parker v. Parker*, 950 So. 2d 388, 391-92 (Fla. 2007) (explaining that the one-year time requirement for seeking relief from judgment based on extrinsic fraud does not apply if the party seeking relief has filed an independent action).

Marlow raised her claims of fraud within her rule 1.540(b) motion, not by filing an independent action. Consequently, she was bound by the one-year time requirement set forth in the rule. Because she filed her motion more than one year after the final judgment, the motion was untimely.

Florida Rule of Appellate Procedure 9.130(a)(5) only permits this court to review an order denying a motion for relief from judgment brought pursuant to rule 1.540(b) if the motion is authorized and *timely*. Because Marlow's motion was untimely, we lack jurisdiction to review the trial court's order on the motion. *See Findlay v. Star Lakes Ass'n*, 49 Fla. L. Weekly D362, D362 (Fla. 3d DCA Feb. 14, 2024) (explaining that where motion was filed six years after the amended final judgment of foreclosure, the motion was untimely and thus appellate court lacked jurisdiction to consider the appeal pursuant to rule 9.130(a)(5)); *Christ v. Christ*, 103 So. 3d 1056, 1057 (Fla. 1st DCA 2013) (explaining that ruling on untimely motion for relief from judgment cannot be reviewed pursuant to rule 9.130(a)(5)). We therefore dismiss this portion of the appeal for lack of jurisdiction.

We find no merit to Marlow's arguments relating to the other orders on appeal, and we affirm those orders without further comment.

Dismissed in part and affirmed in part.

SLEET, C.J., and LaROSE, J., Concur.

_____

3

Opinion subject to revision prior to official publication.