903 So.2d 1044 (2005)
Charles E. SMITH, Appellant,
v.
Patricia A. SMITH, Appellee.
No. 5D04-3959.
District Court of Appeal of Florida, Fifth District.
June 17, 2005.
*1045 Robert L. McLeod, II, of the McLeod Firm, St. Augustine, for Appellant.
Sean P. Sheppard, of Scott Sheppard, P.A., St. Augustine, for Appellee.
GRIFFIN, J.
This is an appeal of an order denying a rule 1.540(b) motion to vacate. We reverse.
This case involves post-dissolution proceedings brought by Patricia Smith ["wife"] against her former husband, Charles Smith ["husband"], to enforce the provisions of a final judgment of dissolution. The trial court rendered a final judgment in favor of the wife on August 10, 2004. Husband timely moved for rehearing, and his motion was denied by an order rendered on August 31, 2004. The order reflects on its face that conformed copies were furnished to husband's counsel at an address listed as "1200 Plantation Dr., South" in St. Augustine, Florida.
On November 4, 2004, husband filed a rule 1.540(b) motion to vacate the order on rehearing, alleging that neither he nor his attorney received a copy of the order denying his motion until after the time for taking an appeal had run. The motion alleged that the order had obviously been sent to an incorrect address, as the correct address for husband's counsel's is "1200 Plantation Island Drive South." The trial court summarily denied the motion to vacate, and husband has appealed.
On appeal, wife does not dispute that husband was not given proper notice of the order denying his motion for rehearing. She therefore agrees that husband's November 22, 2004, notice of appeal was sufficient to invoke this court's jurisdiction and argues only the merits of the trial court's ruling. However, the time for taking an appeal is jurisdictional and cannot be altered by the agreement of the parties. Mekertin v. Winn Dixie Stores, Inc., 869 So.2d 1286 (Fla. 4th DCA 2004); see also Pennington v. Waldheim, 669 So.2d 1158 (Fla. 5th DCA 1996). Because husband failed to file a notice of appeal within thirty days of rendition of the order denying his motion for rehearing, this court lacks jurisdiction of the issues raised by the August 10, 2004, order on the merits and the August 31, 2004, order denying husband's motion for rehearing.
The only issue properly before this court concerns whether the trial court abused its discretion by the summary denial of husband's motion to vacate the order on rehearing. We conclude it did. A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege "colorable entitlement" to relief. See In re Guardianship of Schiavo, 800 So.2d 640 (Fla. 2d DCA 2001); Dynasty Express Corp. v. Weiss, 675 So.2d 235 (Fla. 4th DCA 1996). Here, husband alleged that the order denying his motion for rehearing was mailed to the wrong address, and that neither he nor his counsel received the order until after the time for taking an appeal had run. Absent more, this would entitle him to vacation of the order under rule 1.540(b) and to entry of a new order which would permit him to take an appeal. Broward County v. Eller Drive Ltd. Partnership, 873 So.2d 534 (Fla. 4th DCA 2004); Rosso v. Golden Surf Towers Condo. *1046 Ass'n, 711 So.2d 1298 (Fla. 4th DCA 1998); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971). The trial court should have granted an evidentiary hearing on husband's claims.
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.