957 So.2d 71 (2007)
Randy Bryan SCHLEGER, Appellant,
v.
Alexandra Marie STEBELSKY, Appellee.
No. 4D06-2666.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
Rehearing Denied June 20, 2007.
Meah Rothman Tell of Meah Rothman Tell, P.A., Coral Springs, for appellant.
No brief filed for appellee.
PER CURIAM.
Appellant, Randy Bryan Schleger, appeals the trial court's order denying his Rule 1.540(b) motion to vacate the order denying his motion for rehearing. We agree with Schleger that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion to vacate, and we therefore reverse and remand for an evidentiary hearing to provide Schleger the opportunity to present evidence as to whether the appellee, Alexandra Marie Stebelsky, committed fraud upon the court.
Schleger conceived a child with Stebelsky out of wedlock, and the child was born on August 16, 2004 in New York. Stebelsky filed a paternity petition in New York in 2004, requesting that the court establish paternity, and upon entry of the order of filiation, enter an order of support for the child. The paternity petition did not address custody. Stebelsky also filed a separate support petition in New York requesting support from Schleger but made no request for any custody determination. Schleger admitted the allegations of the paternity petition, and an order of filiation was entered in New York in December 2004. In April 2005, the New York court entered an order of support, ordering that Schleger is the "non-custodial party" and requiring him to pay a specified amount per month in child support.
*72 Thereafter, on December 12, 2005, Schleger, who is a resident of Florida, filed a petition to determine paternity and for related relief, including child custody, parental responsibility, and visitation (petition for visitation) in Florida. This petition alleged that both parents resided in Boca Raton, Florida, and requested that the court award shared parental responsibility and that Stebelsky be the primary residential parent with Schleger having visitation every other weekend plus two days during the week. The petition acknowledged that paternity had already been established as a matter of law. Stebelsky was served by substitute service at her mother's residence in Boca Raton, Florida. However, Stebelsky filed a motion to dismiss and quash service of process of the petition for visitation, alleging that New York, not Florida, is the home state of the minor child and Stebelsky, and therefore, the Florida trial court lacked jurisdiction.
At the hearing on the motion to dismiss and quash service of process, Stebelsky testified that she had continuously resided in New York for the past twenty-eight years and introduced copies of the lease agreements for her rental properties in New York. Schleger, however, introduced evidence showing that Stebelsky opened a bank account in May 2005 and her address as well as her son's address listed on the account was Boca Raton, Florida. In addition to bank statements, evidence was introduced showing that Stebelsky used the Boca Raton address when enrolling her son in Gymboree classes in Boca Raton from May 2005 to December 2005. Evidence also showed that Stebelsky joined a gym in Boca Raton in December 2004, and that she used the gym from January 2005 until September 2005. Finally, a psychiatrist in Boca Raton testified that he saw Stebelsky frequently in Boca Raton from April 2005 to January 2006, and that it appeared to him that she lived with her son in Boca Raton at her parent's property.
The trial court concluded that Stebelsky lived in Boca Raton at her mother's residence at the time she was served with Schleger's petition for visitation in December 2005 and denied her motion to quash service of process. The trial court also found Stebelsky's testimony not credible about where she lived at the time of service and determined that the lease for the New York property was fabricated because there was a revision date after the date the leases were purportedly signed. However, the trial court granted her motion to dismiss for lack of jurisdiction, finding that a paternity action was filed in New York in 2004 and was still pending, and therefore, the Florida trial court lacked jurisdiction over the petition for visitation filed in December 2005. It was not until after the Florida trial court dismissed for lack of jurisdiction that Stebelsky filed a custody petition in New York in April 2006.
Schleger moved for rehearing and asked the Florida court to communicate with the New York family court, or alternatively, that the New York court relinquish jurisdiction to the Florida court. Following a hearing, the Florida trial court denied the motion for rehearing and the motion to communicate with the family court in New York.
Schleger then filed a motion to vacate the order denying his motion for rehearing, arguing that Stebelsky, at the hearing on the motion for rehearing, failed to provide the Florida trial court with a copy of the paternity and child support petitions filed in New York in 2004, that she failed to provide the Florida trial court with any pleading filed in New York prior to December 12, 2005 which raised the issue of *73 child custody or visitation, and that she failed to advise the Florida trial court that there was no custody determination in New York prior to December 12, 2005. Schleger also argued that the mother failed to advise and provide the Florida trial court with a copy of the April 2006 petition for custody which Stebelsky filed for the first time in New York after Schleger's petition for visitation was filed in Florida on December 12, 2005. Schleger further argued that Stebelsky resided in Florida for more than six months before he filed his petition for visitation, and therefore, the Florida court had jurisdiction over the child and parents. The trial court denied the father's motion to vacate without holding an evidentiary hearing.
Schleger appealed the order denying his motion to vacate, arguing that the trial court abused its discretion in failing to grant him an evidentiary hearing on his motion to vacate. This Court permitted the appeal to proceed pursuant to Florida Rule of Appellate Procedure 9.130(a)(5) as an appeal of an order entered on a motion filed under Rule 1.540.
We agree with Schleger that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion to vacate. "A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege `colorable entitlement' to relief." Smith v. Smith, 903 So.2d 1044, 1045 (Fla. 5th DCA 2005).
In his motion to vacate, Schleger alleged that Stebelsky made numerous misrepresentations to the trial court in terms of the law and the facts of the case. We conclude that the trial court should have granted an evidentiary hearing on Schleger's claims, and its failure to do so was an abuse of discretion. Thus, the trial court's order denying Schleger's motion to vacate is reversed and remanded for an evidentiary hearing on Schleger's motion to vacate.
Reversed and Remanded.
GUNTHER, STONE and FARMER, JJ., concur.