DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN RICHARDS,**
Appellant,

v.

**ASHLEY DALE CROWDER,**
Appellee.

No. 4D15-4034

[May 10, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael G. Kaplan, Judge; L.T. Case No. 2015DR005884AX (59).

Michele K. Feinzig and Jeremy Dicker of Law Offices of Robin Bresky, Boca Raton, and Lawrence W. Livoti of Lawrence W. Livoti, P.A., Fort Lauderdale, for appellant.

No appearance for appellee.

PER CURIAM.

John Richards appeals a trial court order denying his motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540. This court has jurisdiction. Fla. R. App. P. 9.130(a)(5). We reverse and remand for the reasons below.

This cause arose from a petition for injunction for protection against stalking that appellee Ashley Crowder filed against Richards, her former boyfriend. The trial court entered a temporary injunction and set for evidentiary hearing the matter of whether a final injunction should be imposed. Richards did not appear at the hearing but Crowder did. The trial court heard her testimony and entered a final judgment of injunction, which Richards did not appeal.

Instead, Richards retained counsel and filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(1). He alleged he had low-to-average intelligence with an overall IQ of 88, and his verbal and comprehension deficits rendered him unable to understand the

meaning of the temporary injunction and notice of evidentiary hearing served on him. He claimed he did not attend the evidentiary hearing in part due to fear of losing his job, as he could not find a substitute on short notice. He said he was attempting to reconcile with Crowder but was avoiding personal contact with her. Richards said the final judgment of injunction resulted in permanent, damaging consequences to his life, job and relationships.

Attached to the motion were supporting affidavits from Richards and his mother. His mother stated that Richards was born at a low birth weight, had difficulty with reading and verbal comprehension, a low vocabulary, and a deficient memory. Crowder filed no response to this motion for relief from judgment. The trial court summarily denied the motion without an evidentiary hearing.

A trial court order on a motion to vacate judgment is reviewed for abuse of discretion. *Schuman v. Int'l. Consumer Corp.*, 50 So. 3d 75, 76 (Fla. 4th DCA 2010); *Shiver v. Wharton,* 9 So. 3d 687, 689 (Fla. 4th DCA 2009). The trial court abused its discretion in denying Richards's motion for relief from judgment without first conducting an evidentiary hearing. The motion and supporting affidavits stated a claim of "colorable entitlement to relief" in order to require an evidentiary hearing. *Schleger v. Stebelsky*, 957 So. 2d 71, 73 (Fla. 4th DCA 2007) (quoting *Smith v. Smith*, 903 So. 2d 1044, 1045 (Fla. 5th DCA 2005)). Florida courts have recognized that illness or psychological conditions, as well as difficulties with reading and comprehending, can form the basis of a finding of excusable neglect warranting relief from judgment. *See, e.g., Paul v. Wells Fargo Bank, N.A.*, 68 So. 3d 979, 985 (Fla. 2d DCA 2011); *Franklin v. Franklin*, 573 So. 2d 401, 403 (Fla. 3d DCA 1991); *Rosenblatt v. Rosenblatt*, 528 So. 2d 74, 75-76 (Fla. 4th DCA 1988).

We therefore reverse and remand for an evidentiary hearing.

*Reversed and remanded for further proceedings.*

WARNER, FORST and KLINGENSMITH, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2