DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELISSA V. COUTANT** and **ANDREW T. COUTANT,**
Appellants,

v.

**RANDALL R. LUCE, WILLIAM L. FOREMAN, LEDA L. SCHRODER,**
n/k/a **LEDA L. FOREMAN,** and **KAREN LUCE** n/k/a **KAREN
BOOKOUT,**
Appellees.

No. 4D17-1051

[ December 13, 2017 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Croom, Judge; L.T. Case No. 2008 CA003701.

Melissa V. Coutant, Covington, LA, pro se, and Andrew T. Coutant, North Haven, CT, pro se.

No appearance for appellees.

PER CURIAM.

Appellants, Melissa Coutant and Andrew Coutant, challenge the trial court's dismissal of their complaint with prejudice and subsequent denial of a rule 1.540 motion in this suit for damages based on allegations of malicious prosecution, false imprisonment, defamation, and intentional infliction of emotional distress.  We affirm on all issues, except one.

As to defendant Karen Luce n/k/a Karen Bookout, we find that the trial court erred in summarily denying Andrew Coutant's rule 1.540(b) motion for relief from judgment, which alleged that a notice of voluntary dismissal had been mailed to Karen Bookout prior to the court's order dismissing the case with prejudice.  *See Schleger v. Stebelsky*, 957 So. 2d 71, 73 (Fla. 4th DCA 2007) ("A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege 'colorable entitlement' to relief." (citation omitted)); *see also Pino v. Bank of New York*, 121 So. 3d 23, 40 (Fla. 2013) ("Under a plain reading of rule 1.420(a)(1), the trial court now has no authority or discretion to deny a plaintiff's service of a notice of

voluntary dismissal, as the dismissal is effective upon service."). The motion's allegation that the notice was mailed to Karen Bookout asserted a colorable entitlement to relief insofar as the voluntary dismissal would have been effective upon being mailed. This would have stripped the trial court of jurisdiction as to that particular defendant before the court entered its order of dismissal with prejudice. Appellants concede that the notice was never mailed to the remaining defendants.

Accordingly, we reverse the trial court's summary denial of the motion to vacate solely as to Karen Bookout and remand for an evidentiary hearing. *See Schleger*, 957 So. 2d at 73.

*Affirmed in part; Reverse in part; and Remanded.*

WARNER, GROSS and TAYLOR, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2