LAMBERT, J.
Eric M. Redmond timely appeals the trial court's denial of his Florida Rule of Civil Procedure 1.540(b) motion for relief from a final judgment of foreclosure. Concluding that the court reached the right result, albeit for the wrong reason, we affirm.
The appellee, First Guaranty Mortgage Corporation ("First Guaranty"), sued Redmond and his codefendant, Kimberly Thomas-Tornillo, in foreclosure because they failed to make the March 1, 2017 payment on their Note and Mortgage and all subsequent monthly payments. On August 24, 2017, Redmond was personally served with process at the address of the mortgaged property. He attended an unsuccessful conciliation conference[1] but never filed an answer to the complaint. On October 25, 2017, First Guaranty moved for a clerk's default against Redmond for failing to respond to the complaint; and on October 30, 2017, the clerk of court entered the default. According to the certificate of service, a copy of the default was mailed to Redmond at the same address where he was served with process.
On March 2, 2018, First Guaranty and the codefendant entered into a joint stipulation for the entry of a consent final judgment of foreclosure with a sale date to be set no earlier than thirty-five days from the date of the judgment. Although Redmond did not execute the stipulation, a copy of this document was contemporaneously mailed to him. Thereafter, on April 11, 2018, the trial court entered a final judgment of foreclosure against Redmond and the codefendant, setting the foreclosure sale for May 29, 2018. A copy of the judgment was mailed to Redmond the following day.
Subsequently to the entry of the judgment, Redmond retained counsel; and on May 21, 2018, his counsel filed a motion for relief from final judgment pursuant to Florida Rule of Civil Procedure 1.540(b) with an embedded motion to vacate the clerk's default. Redmond explained in his supporting affidavit attached to the motion that he did not file an answer to the complaint because no one at the October 9, 2017 conciliation conference told him to do so because he had been in discussions with his mortgage servicer about a loan modification. Redmond also filed an emergency motion to cancel the May 29 foreclosure sale.
On Friday, May 25, 2018, Redmond noticed his motion to cancel the sale for hearing on the morning of May 29, 2018. On Sunday, May 27, First Guaranty's counsel cross-noticed Redmond's motion *920 for relief from final judgment and to vacate the default for the same May 29 hearing. Although Redmond's counsel had reserved the time on May 29 for his hearing on the motion to cancel the sale, counsel did not attend the hearing. The trial court entered separate orders that day, denying both motions with the explanation that the denial was due to Redmond's counsel having "failed to appear for the hearing." Redmond's counsel filed an unsworn motion for rehearing of these orders, and thereafter filed a notice of appeal.[2]
Redmond's sole argument on appeal regarding trial court error is that he was denied due process when his motion for relief from judgment was heard and denied without proper notice. He contends that First Guaranty's cross-notice of the hearing on the motion for relief from judgment sent on the Sunday afternoon before the Tuesday morning hearing was not reasonable notice for this substantive hearing. We agree. See Fla. R. Civ. P. 1.090(d) (requiring that a notice of hearing on a party's motion "shall be served a reasonable time before the time specified for the hearing"); Russ v. State , 622 So.2d 501, 501-02 (Fla. 5th DCA 1993) (finding that a contempt hearing held less than two days after service of the order to show cause violated the defendant's right to due process); Donner v. Smith , 517 So.2d 709, 711 (Fla. 4th DCA 1987) (determining that a notice mailed two days before the hearing was inadequate and a violation of due process). Additionally, as Monday, May 28, 2018, was the Memorial Day holiday, there were actually no business days between the Sunday afternoon notice of hearing and the Tuesday morning hearing.
We nevertheless affirm the trial court's order under the "Tipsy Coachman" doctrine, which allows an appellate court to affirm a trial court that reaches the right result, even for the wrong reason, where the record supports a legal basis for the order. See Robertson v. State , 829 So.2d 901, 906 (Fla. 2002). Because the trial court could have summarily denied Redmond's motion for relief from judgment without an evidentiary hearing, the insufficiency of the notice of hearing on the motion is neither critical nor dispositive.
To be entitled to a hearing on a rule 1.540(b) motion, the allegations in the motion and accompanying affidavits must show a "colorable entitlement to relief." See Smith v. Smith , 903 So.2d 1044, 1045 (Fla. 5th DCA 2005) ; Richards v. Crowder , 191 So.3d 524, 525 (Fla. 4th DCA 2016). Here, Redmond's motion for relief from the final judgment is predicated upon his argument that the clerk's default previously entered against him should be vacated. In order to vacate the default, Redmond had the burden of showing: (1) excusable neglect for failing to file a response to First Guaranty's complaint; (2) a meritorious defense to the opposing party's claims; and (3) due diligence in obtaining relief after learning of the default. See Szucs v. Qualico Dev., Inc. , 893 So.2d 708, 710 (Fla. 2d DCA 2005).
We conclude that Redmond's motion for relief from the final judgment was lacking for two reasons. First, Redmond failed to show excusable neglect. Neither his argument that no one at the October 9, 2017 conciliation conference told him that he still needed to respond to the complaint nor his belief that his attendance at this conference qualified as a response to the complaint is excusable neglect. See Joe-Lin, Inc. v. LRG Rest. Grp., Inc. , 696 So.2d 539, 541 (Fla. 5th DCA 1997) (holding *921 that a defendant's failure to retain counsel or to understand the legal consequences of its inactions was not excusable neglect); Szucs , 893 So.2d at 710-11 (determining that a defendant's failure to answer a complaint because of confusion about the case due to plaintiff's "relative indifference" toward him in the litigation and the settlement negotiations regarding a codefendant was not excusable neglect). Nor was Redmond's communication with the loan servicer in an attempt to modify the loan excusable neglect. See Dage v. Deutsche Bank Nat'l Tr. Co. , 95 So.3d 1021, 1024 (Fla. 2d DCA 2012) (determining that appellants' motion and affidavit that discussed their efforts to secure a loan modification was not excusable neglect as no reason was given why they failed to file a response to the complaint).
Second, Redmond failed to show due diligence by waiting almost seven months from the time the default was mailed to him before moving to vacate the default and for relief from the final judgment. See Szucs , 893 So.2d at 711 (holding that filing motion four months after default is not due diligence in seeking to set aside default). Redmond also waited approximately six weeks before moving for relief from the final judgment that was entered against him based upon the default. See Hepburn v. All Am. Gen. Constr. Corp. , 954 So.2d 1250, 1252 (Fla. 4th DCA 2007) ("Absent competent substantial evidence of some exceptional circumstances explaining the delay, a six-week delay in filing a motion to vacate a default judgment after receiving a notice constitutes a lack of due diligence as a matter of law.").
Because the allegations in Redmond's motion and his supporting affidavit clearly did not establish either excusable neglect or due diligence, he was not entitled to relief, and the hearing on his motion, although insufficiently noticed, was not required. See Richards , 191 So.3d at 524-25. We therefore affirm the order denying Redmond's motion for relief from final judgment.[3]
AFFIRMED.
COHEN and EISNAUGLE, JJ., concur.

A conciliation conference is defined as a relatively unstructured method of dispute resolution in which a neutral third party meets with the parties in an attempt to help the parties explore and settle their differences. Conciliation , Black's Law Dictionary (10th ed. 2014). There is no indication in our limited record whether the trial court ordered the parties to attend the conciliation conference or if they attended this conference voluntarily.

Although not fully explained in our record, it appears that the foreclosure sale set for May 29 did not take place.

Redmond raised one other argument in his initial brief. He contended that this court should have granted his motion to relinquish jurisdiction to the trial court to allow that court to rule on his timely filed motion for rehearing. We disagree. Florida Rule of Civil Procedure 1.530 permits courts to rehear matters only after entry of a "judgment." An order denying a rule 1.540 motion for relief from judgment is not a "judgment" as contemplated under rule 1.530. See Helmich v. Wells Fargo Bank, N.A. , 136 So.3d 763, 765 (Fla. 1st DCA 2014). Accordingly, Redmond's motion for rehearing after such an order was unauthorized. See Catalano v. Catalano , 516 So.2d 77, 77 (Fla. 5th DCA 1987) ; Francisco v. Victoria Marine Shipping, Inc. , 486 So.2d 1386, 1387 (Fla. 3d DCA 1986) ; see also In re Amendments to the Fla. Rules of Appellate Procedure , 2 So.3d 89, 93 (Fla. 2008) (recognizing the "unique nature" of an order entered on a rule 1.540 motion and clarifying that motions for rehearing directed to this type of order are unauthorized).