DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEREK SCHENAVAR**,
Appellant,

v.

**REBECCA SCHENAVAR,**
Appellee.

No. 4D21-2811

[November 9, 2022]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502020DR007700XXXXNB.

L. Lisa Batts of Stuart Law Group, P.A., Stuart, for appellant.

Kate E. Watson of the Watson Law Firm, P.A., Jupiter, for appellee.

PER CURIAM.

This appeal and cross-appeal arise from a final judgment of dissolution of marriage. We reverse in part and remand for an evidentiary hearing on the wife's motion to set aside the final judgment.

The parties were married in 2006 and have two children. The husband filed a three-count petition for dissolution of marriage in 2020. The wife failed to answer the petition and a default was entered against her.

On August 16, 2021, the trial court conducted a hearing on the husband's petition. The husband was represented by counsel. The wife did not appear.

The husband testified about the marriage and the wife's issues. He said that even though the parties lived together with the children, the wife was detached, disassociated, and disengaged. The children are homeschooled by a private tutor at the husband's office and the husband said that he carries the lion's share of the child rearing duties. The husband presented a financial affidavit and asked the court to award his business to him as a non-marital asset.

On August 27, 2021, the court entered a final judgment of dissolution of marriage. Among other things, the court found that the wife was not in good mental and/or physical health, and that the husband's opinion that the wife was in good health and that her behaviors were "voluntary" was not credible. As best it could, based on the limited evidence, the trial court made other findings regarding the marital home, rental property, and equitable distribution.

The husband moved for rehearing on certain issues. On September 13, 2021, now represented by counsel, the wife moved to set aside the final judgment pursuant to Florida Family Law Rules of Procedure 12.530 and 12.540. She alleged that she had been suffering from diminished mental capacity that was not known to her family until she moved out of the marital home on September 3, 2021. On that day, she gave her sister a power of attorney to act on her behalf regarding the dissolution proceeding, her medical treatment, and her finances.

The wife's motion alleged that her medical record indicated that she had cognitive difficulties and an MRI showed "brain damage, most likely attributable to chronic microvascular ischemic disease." She asserted that as a result of these severe mental difficulties, her failure to participate in the proceeding should be viewed as excusable neglect. The wife stated that with the help from her sister in seeking medical care and evaluation, and with the assistance of counsel, she would be able to participate in the dissolution proceeding.

In support of the motion, the sister's affidavit described the wife's conduct during the marriage. Only after obtaining the power of attorney was the sister able to obtain the wife's medical records that showed a cognitive decline, later supported by a neurology consult and an MRI. The sister attested that the wife would be staying with her or another sister during the pendency of future medical evaluations and the remainder of the legal proceedings.

On September 23, 2021, without a hearing, the court granted in part and denied in part the husband's motion for rehearing. The trial court denied the wife's motion to vacate the final judgment without comment.

We agree with the husband that the final dissolution judgment is deficient in four respects.

First, the judgment fails to set forth the time-sharing schedule required by section 61.13(2)(b)2., Florida Statutes (2020).

Second, the judgment fails to set child support consistent with section 61.30, Florida Statutes (2020).

Third, the judgment failed to determine which party had the right to claim the federal income tax exemption for each of the minor children. *See* § 61.30(11)(a), Fla. Stat. (2020).

Fourth, the final judgment failed to apportion the cost of health insurance and uncovered health-related expenses for the minor children. *See* § 61.13(1)(b), Fla. Stat. (2020).

In the event that the trial court denies the wife's motion to set aside the final judgment, *see infra*, the court shall address these four issues. The wife shall be able to participate in such a limited proceeding. In a dissolution case, it is difficult for a court to decide what is in the best interest of children without input from both parents.

Regarding the wife's cross-appeal, we reverse for the court to hold an evidentiary hearing on the wife's motion to set aside the final judgment. The motion and attachments assert facts that are consistent with the trial court's skepticism about the husband's characterization of the wife's mental and physical condition. Because the wife alleged a colorable entitlement to relief, the court should not have summarily denied her motion. *See Romero v. Brabham*, 300 So. 3d 665, 667 (Fla. 4th DCA 2020) (reversing order denying former wife's rule 12.540 motion to vacate because such motions "should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege 'colorable entitlement' to relief" (quoting *Schuman v. Int'l Consumer Corp.*, 50 So. 3d 75, 77 (Fla. 4th DCA 2010)); *Se. Termite & Pest v. Ones*, 792 So. 2d 1266, 1267–68 (Fla. 4th DCA 2001) (remanding for an evidentiary hearing before disposing a motion to vacate a clerk's default "where the contents of an affidavit supporting a defendant's contention of insufficiency of service would, if true, invalidate the purported service and nullify the court's personal jurisdiction over the defendant"); *Burke v. Soles*, 326 So. 3d 83, 84 (Fla. 4th DCA 2021) (remanding with instructions to either "conduct a limited evidentiary hearing on [pro se motion for rehearing] or grant the requested relief" where the motion "sets forth a colorable entitlement to relief based on excusable neglect"); *Cedar Mountain Ests., LLC v. Loan One, LLC*, 4 So. 3d 15, 17 (Fla. 5th DCA 2009) (holding that a facially sufficient motion to vacate alleging "(1) excusable neglect; (2) a meritorious defense; and (3) due diligence" "cannot be summarily denied without affording the movant an evidentiary hearing"); *Richards v. Crowder*, 191 So. 3d 524, 525 (Fla. 4th DCA 2016) (reversing

and remanding for an evidentiary hearing as "Florida courts have recognized that illness or psychological conditions . . . can form the basis of a finding of excusable neglect warranting relief from judgment").

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

GROSS, DAMOORGIAN and FORST, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***