# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0989
Lower Tribunal No. 23-11344-CA-01
_____

**Neyman Ida Rojas,**
Appellant,

vs.

**Best Taxi Service Corporation, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, David Craig Miller, Judge.

Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellant.

Michael S. Kaufman, for appellees.


Before LINDSEY, GORDO, and BOKOR, JJ.

PER CURIAM.

Appellant Neyman Ida Rojas (Plaintiff below) appeals a non-final order denying his Motion to Vacate a Dismissal for lack of service after

notice. Rojas requests reversal based on excusable neglect. The trial court denied Rojas relief without an evidentiary hearing. This was error.

"Where a motion under rule 1.540(b) sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." Barton Protective Servs. v. Redmon, 387 So. 3d 353, 355 (Fla. 3d DCA 2023) (quoting Cottrell v. Taylor, Bean & Whitaker Mortg. Corp., 198 So. 3d 688, 691 (Fla. 2d DCA 2016)). "A motion for relief from judgment should not be summarily denied without an evidentiary hearing . . . ." Id. (quoting Schleger v. Stebelsky, 957 So. 2d 71, 73 (Fla. 4th DCA 2007)). "Where such a claim is raised and contested, the trial court abuses its discretion in failing to conduct an evidentiary hearing on the motion." Id. at 356 (citing Oshana v. Lopiano, 314 So. 3d 311, 312 (Fla. 3d DCA 2020)). "Excusable neglect must be proven by sworn statements or affidavits." Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1116 (Fla. 3d DCA 2017) (quoting Elliott v. Aurora Loan Servs. LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010)).

Based on the record before us, we reverse and remand for an evidentiary hearing.

Reversed and remanded.